UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CA'LIEL JONES </br> 23800 Puritan Avenue </br> Euclid, Ohio 44123 </br> </br> *On behalf of himself and all others similarly situated,* </br> </br> Plaintiff, </br> </br> v. </br> </br> VILLAGE OF HIGHLAND HILLS </br> c/o Mayor Michael L. Booker </br> 3700 Northfield Rd. </br> Highland Hills, OH 44122 | CASE NO. </br> </br> JUDGE </br> </br> **PLAINTIFF'S COLLECTIVE ACTION COMPLAINT** </br> </br> (Jury Demand Endorse Herein) |

Plaintiff Ca'liel Jones, by and through counsel, for his Collective Action Complaint against Defendant Village of Highland Hills (hereinafter also referred to as "Highland Hills" or "Defendant"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendant Village Of Highland Hills that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's and other members of the FLSA Collective's claims occurred here.

## PARTIES

4. At all times relevant, Plaintiff Ca'liel Jones was a citizen of the United States and a resident of Cuyahoga County, Ohio.

5. Defendant Highland Hills is an Ohio municipality with its principal offices located at 3700 Northfield Rd., Highland Hills, OH 44122.

## FACTUAL ALLEGATIONS

### Defendant's Firefighter/EMS Services

6. Highland Hills is an Ohio municipality that employs firefighters/emergency medical services ("EMS") workers to respond to 911 calls within its borders. It provides full fire/rescue emergency medical technician/paramedic emergency services 24 hours a day for residents, workers, and guests in Highland Hills.

### Defendant's Status as an Employer

7. Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt employees, including Plaintiff and other members of the FLSA Collective.

8. Defendant is an enterprise within the meaning of 29 U.S.C. § 203(r).

9. Defendant is an employer of Plaintiff and other members of the FLSA Collective as Defendant exercises the power to hire and/or fire firefighter/EMS employees; supervises and controls their work schedules and conditions of employment; determines firefighter/EMS

employees' rates and methods of payment; and maintains or is required to maintain records, including employment records.

### Plaintiff's Employment Status with Defendant

10. Plaintiff was employed Defendant Highland Hills as a firefighter/EMS worker from approximately January 2016 to January 28, 2021. Plaintiff was required to work large amounts of overtime. For example, in the two-week period between October 5, 2020 to October 18, 2020, Plaintiff worked 97.5 hours, or 48.75 hours per week.

11. At all times relevant, Plaintiff and other members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e).

12. At all times relevant, Plaintiff and other members of the FLSA Collective were employees engaged in commerce within the meaning of 29 U.S.C. § 207.

### Defendant's Failure to Pay Overtime Compensation

13. During their employments with Defendant, Plaintiff and other members of the FLSA Collective were required to work overtime, more than forty (40) hours per workweek. However, Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at one and one-half times their "regular rate" of pay.

14. The FLSA required Defendant to pay overtime compensation to their employees, including Plaintiff and other members of the FLSA Collective, at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207.

15. Defendant did not pay Plaintiff and other members of the FLSA Collective overtime compensation when working more than forty (40) hours in a single workweek as required by the FLSA, 29 U.S.C. § 207.

3

16. Moreover, although Defendant suffered and permitted Plaintiff and other members of the FLSA Collective to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and other members of the FLSA Collective overtime at a rate of one- and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective were not paid overtime for all of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq*.

17. Defendant's failure to compensate Plaintiff and other members of the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207.

### The Willfulness of Defendant's Violations

18. Defendant knew that Plaintiff and other members of the FLSA Collective were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether there were so entitled. In so doing, Defendant willfully circumvented the requirements of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

20. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

21. The FLSA Collective consists of:

4

> All present and former firefighters, emergency medical technicians, paramedics, and employees with similar job titles and/or duties of Defendant during the period of three years preceding the commencement of this action to the present.

22. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

23. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

24. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 10 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

### COUNT ONE
### (FLSA Overtime Violations)

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

27. The FLSA requires that "non-exempt" employees, including Plaintiff and other members of the FLSA Collective, are required to be paid overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

28. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

29. Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rates for all of their overtime hours.

30. By engaging in the above practices and policies, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

31. As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

D. Award Plaintiff compensatory damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)