UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CA'LIEL JONES, *on behalf of himself and all others similarly situated,* | ) Case No. 1:21-CV-00914 ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT ) ) |
| v. | ) ) |
| VILLAGE OF HIGHLAND HILLS | ) ) |
| Defendant. | ) ) |

### FINAL ORDER AND JUDGMENT
### APPROVING SETTLEMENT AND DISMISSING ACTION

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement ("Joint Motion") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed *Joint Stipulation of Settlement and Release* ("Settlement Agreement") attached to the Joint Motion as Exhibit 1, as well as the Individual Payments Allocation Schedule attached to the Joint Motion as Exhibit 3.

Having reviewed the Settlement Agreement, as well as the pleadings and papers filed in this Action, and for good cause established therein, the Court enters this Final Order and Judgment Approving Settlement and Dismissing Action, as follows:

  1. Named/Representative Plaintiff Ca'liel Jones and Opt-In Plaintiffs Kadeem Evans (ECF #13-1); Tim Namy (ECF# 13-2); Andrew Leitch (ECF# 14-1); Vanessa Sherriff (ECF# 15-1); Chris Stanford (ECF# 15-2); Kareem Abouelhana (ECF# 16-1); John M. Kilbane (ECF# 17-1); Matthew Evans (ECF# 18-1); David Rorapaugh (ECF# 19-1); Ryan Zittkowski (ECF# 20-1); Christopher Allman (ECF# 21-1); Sarah Daubenmire (ECF# 21-2); Darvin J. Douglas (ECF# 21-3); Jestin Grossenbaugh (ECF# 21-4); Isabel Fehn (ECF# 22-1); Justin R. Eady (ECF# 23-1); Richard Fiktus (ECF# 24-1); and Thomas J. Cerveny (ECF# 26-1) assert wage-and-hour claims

under the FLSA, 29 U.S.C. §§ 201-219. Defendant Village of Highland Hills has denied any such violations.

2. The Settlement will cover Named Plaintiff Ca'liel Jones and the other participating Opt-In Plaintiffs as provided in the Settlement Agreement and Individual Payments Allocation Schedule, all of whom joined the action by submitting consent forms filed with the Court in accordance with 29 U.S.C. § 216(b).

3. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under the FLSA, 29 U.S.C. § 216(b). There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and the Settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *18-19 (S.D. Ohio May 30, 2012); *Hill v. Medicare Transport, Inc.*, N.D.Ohio No. 5:19CV1582, 2019 U.S. Dist. LEXIS 182622, at *1-3 (Oct. 22, 2019); *Jackson v. Trubridge, Inc.*, N.D.Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D. Ohio Jan. 26, 2017).

4. The Court approves the Settlement Agreement and Individual Payments Allocation Schedule, and orders that the Settlement Agreement be implemented according to its terms and conditions and as directed herein.

5. The Court finds that the Total Settlement Amount, as well as the proposed distributions to the Plaintiffs as listed in the Individual Payments Allocation Schedule, are fair and reasonable. The Court approves the Individual Payments Allocation Schedule and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

6. The Court approves the proposed service award to Plaintiff Ca'liel Jones, and orders that such payment be made in the manner, and subject to the terms and conditions, set

forth in the Settlement Agreement. Such an award is justified by Plaintiff's efforts on behalf of other settlement participants and is consistent with awards in other wage and hour collective actions approved by courts within the Sixth Circuit and this District. *See, e.g., Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *5-6 (N.D. Ohio May 4, 2018); *Alward v. Marriott Internatl., Inc.*, N.D.Ohio No. 1:18-cv-02337, 2019 U.S. Dist. LEXIS 199053, at *4 (Nov. 18, 2019).

7. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Settlement Agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement. The Court finds that Plaintiffs' Counsel's attorney hours and hourly rates are reasonable based on practice area, years of experience, and expertise in the wage and hour litigation context. Plaintiffs' Counsel's multiplier as of November 3, 2022 was 1.20, which falls within the range of acceptable multipliers in this District and Circuit. Based on the evidence and arguments presented in the motion papers, the fee payment falls within the range of fees awarded by courts within this district in other FLSA settlements, and is approved.

8. The Court dismisses this Action, and all claims in this matter, with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

9. As requested by the Parties in the Settlement Agreement, the Court retains jurisdiction over the Action to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

**SO ORDERED:**

3

Date: __December 14, 2022__  _____
DONALD C. NUGENT
United States District Judge